IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, *Plaintiff*, v. GENTNER DRUMMOND, in his official capacity as Attorney General of the State of Oklahoma; and GLEN MULREADY, in his official capacity as the Insurance Commissioner of the State of Oklahoma *Defendants.* | Case No. 5:25-cv-01156 |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Gentner Drummond, the Attorney General of Oklahoma, and Glen Mulready, the Insurance Commissioner of Oklahoma, submit the following Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief, filed on October 3, 2025. Defendants deny each factual allegation in the Complaint unless the averment is specifically admitted herein. Defendants further answers as follows:

**INTRODUCTION**

1. The allegations in ¶¶ 1–3 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

2. Defendants admit that the State of Oklahoma recently enacted House Bill 2048 ("H.B. 2048"), which is titled the "340B Nondiscrimination Act," and will be effective November 1, 2025. The remaining allegations in ¶ 4 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

1

3. The allegations in ¶¶ 5–12 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

4. The allegations in ¶¶ 13–14 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

5. Various allegations in ¶ 15 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 15, so they are therefore denied.

6. Defendants admit that they maintain offices in the Western District of Oklahoma. The remaining allegations in ¶ 16 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## PARTIES TO THE ACTION

7. Upon information and belief, AstraZeneca Pharmaceuticals LP is a limited partnership organized in and with its principal place of business in Delaware. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 17, so they are therefore denied.

8. Defendants admit the allegations in ¶¶ 18–19.

## FACTUAL ALLEGATIONS

9. The allegations in ¶¶ 20–27 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

10. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 28, so they are therefore denied.

11. The allegations in ¶¶ 29–30 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

12. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 31, so they are therefore denied.

13. The allegations in ¶ 32 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

14. Various allegations ¶ 33 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 33, so they are therefore denied.

15. The allegations in ¶ 34 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

16. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶¶ 35–43, so they are therefore denied.

17. The allegations in ¶ 44 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

18. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 45, so they are therefore denied.

19. The allegations in ¶ 46 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

20. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶¶ 47–59, so they are therefore denied.

21. Some allegations in ¶ 60 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 60, so they are therefore denied.

22. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 61, so they are therefore denied.

23. The allegations in ¶¶ 62–68 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

24. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶¶ 69–70, so they are therefore denied.

25. The allegations in ¶ 71 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

26. Defendants admit the allegations in ¶ 72.

27. Defendants admit that Governor Kevin Stitt vetoed HB 2048. The remaining allegations in ¶ 73 constitute snippets of quotes from Governor Stitt. The full underlying quotes speak for themselves and no response is necessary. To the extent a response is required, the allegations are denied.

28. Defendants admit the allegations in ¶ 74.

29. The allegations in ¶¶ 75–76 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Moreover, the underlying statute speaks for itself.

30. The allegations in ¶¶ 77–79 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

31. The allegations in ¶ 80–84 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied. Moreover, the underlying statute speaks for itself.

32. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶ 85, so they are therefore denied.

## LEGAL ALLEGATIONS

33. The allegations in ¶¶ 86–96 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

34. Defendants are without sufficient knowledge to admit or deny the remaining allegations in ¶¶ 97–98, so they are therefore denied.

35. The allegations in ¶¶ 99–100 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

36. The allegations in ¶¶ 101–126 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## CLAIMS FOR RELIEF

### *FIRST CLAIM FOR RELIEF*

37. Defendants incorporate the foregoing responses in response to ¶ 127, which re-alleges the preceding paragraphs in the Complaint.

38. The allegations in ¶¶ 128–130 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF

39. Defendants incorporate the foregoing responses in response to ¶ 131, which re-alleges the preceding paragraphs in the Complaint.

40. The allegations in ¶¶ 132–134 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## THIRD CLAIM FOR RELIEF

41. Defendants incorporate the foregoing responses in response to ¶ 135, which re-alleges the preceding paragraphs in the Complaint.

42. The allegations in ¶¶ 136–140 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## FOURTH CLAIM FOR RELIEF

43. Defendants incorporate the foregoing responses in response to ¶ 141, which re-alleges the preceding paragraphs in the Complaint.

44. The allegations in ¶¶ 142–146 contain legal conclusions to which no response is necessary. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

45. The allegations, legal conclusions, and statements in the section titled "Prayer for Relief" require no response because they re-allege allegations already answered or state legal conclusions. To the extent a response is necessary, Defendants deny that Plaintiffs are entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over Plaintiff's claims.

2. Plaintiff's claims are not ripe.

3. Plaintiff lacks standing.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. Plaintiff has failed to state a cause of action for which relief can be granted.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. The State of Oklahoma, the Attorney General, and the Insurance Commissioner are protected by sovereign immunity.

8. Defendants preserve all other affirmative defenses outlined in Fed.R.Civ.P. 8.

Respectfully submitted,

s/*Will Flanagan*
Garry M. Gaskins, II, OBA 20212
  *Solicitor General*
Zach West, OBA 30768
  *Director of Special Litigation*
Will Flanagan, OBA 35110
  *Assistant Solicitor General*
Addison Gaut, OBA 36457
  *Assistant Attorney General*

OFFICE OF THE ATTORNEY GENERAL
 STATE OF OKLAHOMA

313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-3921
Email: Garry.Gaskins@oag.ok.gov
       Zach.West@oag.ok.gov
       William.Flanagan@oag.ok.gov
       Addison.Gaut@oag.ok.gov

*Counsel for the State of Oklahoma*